## Commonwealth v. Kratzer

*John T. Robinson, district attorney,* for the Commonwealth.

*Vincent R. Mazeski,* for defendant.

WOELFEL, *J.,* October 12, 1995—On April 21, 1995, the defendant pled guilty to Counts 1 and 2 of the information filed in this matter, Count 1 being the charge of driving under the influence of alcohol violation of 75 Pa.C.S. §3731, and Count 2 being the charge of driving under suspension, 75 Pa.C.S. §1543. The terms of the plea agreement were that in exchange for those pleas of guilty all other charges would be nol prossed, and that the defendant would receive a sentence of incarceration of not less than one nor more than two years on Count 1 of the information, with no incarceration on Count 2. There was no agreement as to the place of incarceration, or the fines to be imposed upon the defendant.

On June 1, 1995, the defendant was sentenced on Count 1 of the information to a period of incarceration in a state correctional institution of not less than one nor more than two years, to pay a fine in the amount of $910, and to pay any and all applicable EMS and

CAT Fund surcharges, as well as court costs and costs of prosecution. In addition, his operating privileges were suspended for a period of one year in addition to any suspensions to which he was then subject. He was sentenced to pay a $200 fine on Count 2. The sentences were made effective on that date.

On August 30, 1995, the defendant was granted leave to appeal nunc pro tunc.

In his statement pursuant to Pa.R.A.P. 1925(b) the defendant sets forth the following matter complained of:

"The sentencing court abuses its discretion in imposing the sentence, whereas, defendant was sentenced to one to two years in a state correctional institution despite the fact that it was only his second driving under the influence conviction in the past seven years."

At the time of the defendant's sentencing we made reference to the presentence investigation in our possession, the Pennsylvania Commission on Sentencing Guidelines Sentence Form in our possession, and the plea agreement. Counsel for the defendant indicated that there were no additions or corrections to either of the forms, and neither the defendant nor his counsel made any statements in support of the defendant. Immediately prior to imposing sentence we made reference to Mr. Kratzer's "colorful history" as set forth in the presentence investigation, the fact that this was the defendant's fourth DUI (we acknowledge that it was only his second driving under the influence offense for mandatory sentencing purposes), and that the defendant had been sentenced to a state correctional institutional on at least three other occasions, including one to two years in a state correctional institution for driving under the influence of alcohol, that sentence having been imposed in January of 1989.

It is the practice of this court not to impose a sentence of a less severe nature than a prior sentence imposed upon the same defendant for the same or similar conduct. Given that the defendant had previously been sentenced to a state correctional institution for a driving under the influence offense, that the plea agreement did not restrict the court in the imposition of incarceration in a state correctional institution for the instant offense, the defendant's previous incarceration on numerous occasions at a state correctional institution, and that this was the defendant's fourth DUI offense we believe that the only appropriate place for incarceration is a state correctional institution. For those reasons we do not believe that the sentence was in any way an abuse of this court's discretion.

The Prothonotary of Snyder County is directed to transmit the record to the Superior Court of Pennsylvania.